Benson L. Hathaway, Jr. (Utah Bar No. 4219)
Ryan R. Beckstrom (Utah Bar No. 14593)
**KIRTON McCONKIE**
50 East South Temple, Suite 400
P.O. Box 45120
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
bhathaway@kmclaw.com
rbeckstrom@kmclaw.com

*Attorneys for Plaintiff Ivory Development, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| IVORY DEVELOPMENT, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, a Florida corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. 2:21-cv-00257-DAK<br><br>Judge Dale A. Kimball |

Plaintiff, by and through counsel undersigned, for complaint against Defendant, hereby alleges and complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ivory Development, LLC ("Plaintiff") is a Utah limited liability company with its principal place of business in Salt Lake County, Utah.

2. All of the members of Plaintiff have their principal place of business, are incorporated, and are otherwise domiciled in Salt Lake County, Utah.

3. The sub-members of the unincorporated members of Plaintiff reside and intend to remain in Salt Lake County, Utah.

4. Defendant Fidelity National Title Insurance Company ("Defendant") is an incorporated Florida corporation with its principal place of business in Tucson, Arizona, authorized to conduct business in Utah and who sells title insurance policies affecting real property in the state of Utah.

5. Plaintiff contracted with Defendant for an Owner's Policy of Title Insurance, Policy No. 82306-212055743 dated July 31, 2017 ("Policy"), as part of the closing of a purchase by Plaintiff of real property situated in Salt Lake County, Utah.

6. Plaintiff's claims arise from the Defendant's conduct under and related to the Policy, having as its subject matter real property located in Salt Lake County, Utah and intended for all purposes to be performed in Salt Lake County, Utah, and involves claims in excess of $75,000 exclusive of interest and costs.

7. Jurisdiction is proper in the above forum pursuant to 28 U.S.C. § 1332(a)(1).

8. Venue is proper in the above forum pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

9. In July 2017, Plaintiff purchased certain real property, located at 527 West 11400 South in Draper, Utah ("Property'), to use as an access road to a residential development.

10. Plaintiff contracted with Defendant for Defendant to provide title insurance on the Property.

11. Defendant issued the requested title insurance in a policy amount of $150,000.00, subject to certain expressed exceptions to coverage.

12. These exceptions from coverage did not include or disclose a right of way ("Right-of-Way") which was granted in an instrument recorded in December 1977 ("1977 Instrument") in favor of the predecessors in interest to W. Craig Holt, Charles Housley, and Marlise Housley who owned and occupied real property immediately adjacent to the Property ("Neighbors").

13. The 1977 Instrument expressly fixed the Right of Way by a metes and bounds description.

14. Unaware of the described right of way, Plaintiff sought the requisite approvals to begin construction of the access road.

15. The Neighbors strongly resisted Plaintiff's attempts to modify or improve the Right-of-Way.

16. Notwithstanding this resistance, Plaintiff relied on the Policy's representation that no recorded Right-of-Way existed and continued to invest its time and resources into the planned access.

17. Ultimately, the Neighbors filed suit against Plaintiff seeking to preclude Plaintiff from modifying the Right-of-Way.

18. The Court in that action, relying expressly on the undisclosed 1977 Instrument, granted a permanent injunction against Plaintiff which prohibited Plaintiff from "interfering with [the Neighbors] use and enjoyment of their Easement, including but not limited to, building a road on the Easement, and altering or modifying the Easement in any way without [the Neighbor's consent], on either a temporary or permanent basis."

19. This ruling, and the Neighbor's refusal to cooperate with the planned road, prohibited Plaintiff from making use of the Property.

20. As a result of Defendant's failure to disclose the 1977 Instrument, Plaintiff was forced to incur substantial attorney fees, delay its development, redesign its development, and purchase substitute property.

21. On or about January 22, 2019, Plaintiff submitted a claim for these fees, delay, redesign and purchase to Defendant seeking payment under the Policy.

22. On or about March 11, 2019, Defendant wrote a letter to Plaintiff confirming receipt of the claim and representing that it had concluded that coverage was afforded under the terms of the Policy.

23. Since that time, Plaintiff has sent more than thirty (30) communications to Defendant in an effort to get Defendant to promptly pay its claim.

24. As of the date of this Complaint, Defendant has failed to make any payment under the Policy or otherwise take steps to satisfy its contractual obligations.

4813-3811-2485.v1

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

25. The allegations contained in the foregoing paragraphs are realleged and incorporated in this cause of action as though fully set forth herein.

26. The Policy is a binding and enforceable contract between Plaintiff and Defendant.

27. Plaintiff properly performed its obligations under the Policy by, among other things, paying the requisite premium and timely reporting its claim.

28. Defendant breached the Policy by failing to pay the claim under the terms of the Policy.

29. As a result of Defendant's breach, Plaintiff has been damaged, is being damaged and will continue to be damaged so long as Defendant refuses to provide the promised coverage and pay Defendant's claim.

30. Plaintiff has also been caused to incur attorneys' fees and costs as a result of Defendant's failure to perform.

31. Given that Defendant's actions manifest a knowing disregard and reckless indifference toward Plaintiff's rights, and/or are willful and malicious, Plaintiff is also entitled to punitive damages.

## SECOND CLAIM FOR RELIEF
### (Bad Faith - Breach of the Duty of Good Faith and Fair Dealing)

32. The allegations contained in the foregoing paragraphs are realleged and incorporated in this cause of action as though fully set forth herein.

33. Inherent in the Policy is a covenant that the parties thereto deal with each other fairly and in good faith.

5

34. Under Utah law in the insurance context, this covenant contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim.

35. Utah's "Unfair Property, Liability and Title Claims Settlement Practices" UT Admin Code R590-190-1 et seq. establishes "minimum standards" for the investigation and distribution of title claims.

36. It requires, among other things, that a title insurer like Defendant pay a valid insurance claim within thirty days of such determination. R590-190-10(3).

37. Defendant determined that Plaintiff's claim was valid over two years ago, in March, 2019, and yet has since failed to pay Plaintiff the valid claim amount owed.

38. Utah's minimum standards also obligate title insurers to provide a substantive response to a claimant's inquiry within fifteen days. R590-190-6(2).

39. After Defendant informed Plaintiff of its approval of the claim, Defendant has provided no substantive response to more than thirty subsequent inquiries by Plaintiff over the ensuing two years.

40. Beyond breaching its obligations under the Policy, Defendant's conduct ignores the minimum standards of Utah's title claims settlement practices, industry standards, and good business practice to the detriment of Plaintiff and at Plaintiff's considerable expense.

41. Defendant has breached the covenant to deal fairly and in good faith with Plaintiff by reason of its unreasonable delay in settling the claim it has acknowledged is valid.

42. Plaintiff is entitled to recover damages in an amount to be determined at trial, plus consequential damages in an amount to be determined at trial, plus interest, court costs, and attorneys' fees.

43. Given that Defendant's actions manifest a knowing disregard and reckless indifference toward Plaintiff's rights, and/or are willful and malicious, Plaintiff is also entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Under the First Claim for Relief, damages in the amount of $150,000.00 or as otherwise shown at trial, and attorneys' fees and costs as allowed under the Policy;

2. Under the Second Claim for Relief: direct and consequential damages in the amount shown at trial, and attorneys' fees and costs as allowed under the Policy and at law;

3. Punitive damages in an amount to be determined; and

4. Such other relief as the Court determines appropriate.

DATED this 27th day of April, 2021.

**KIRTON McCONKIE**

By: /s/ Benson L. Hathaway, Jr.
    Benson L. Hathaway, Jr.
    Ryan R. Beckstrom
    *Attorneys for Plaintiff Ivory Development, LLC*

4813-3811-2485.v1